UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHILLIP P. CHMIEL,

                                    Plaintiff,

            -vs-                                        09-CV-555(RJA)

JACK E. POTTER,

                                    Defendant.

_____

APPEARANCES:    TRONOLONE & SURGALLA (DANIEL G. TRONOLONE, ESQ., of
                Counsel) Buffalo, New York, Attorneys for Plaintiffs.

                WILLIAM J. HOCHUL, JR., UNITED STATES ATTORNEY (GAIL
                Y. MITCHELL, ASSISTANT UNITED STATES ATTORNEY, Of
                Counsel) Buffalo, New York, Attorneys for Defendant.


## JURISDICTION

        This case was referred to the undersigned by the Hon. Richard J. Arcara on August

19, 2010 for all pre-trial matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and for

report and recommendation on dispositive motions pursuant to 28 U.S.C. §§ 636(b)(1)(B)

and (C).  It is presently before the court on defendant's motion to dismiss and/or for

summary judgment (Item 9), plaintiff's motion to compel defendant's participation in a pre-

trial discovery conference (Item 18), and plaintiff's motion for a continuance pursuant to

Fed. R. Civ. P. 56(f) allowing plaintiff to obtain discovery so as to respond to the

defendant's motion for summary judgment (Item 19).

## BACKGROUND

Plaintiff commenced this action with the filing of a complaint on June 17, 2009 (Item 1). He alleged that he was discriminated against in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA"), 42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law, N.Y.Exec. Law § 296 ("NYSHRL"). Specifically, plaintiff contends that he was not provided with "the requisite accommodation for his known disabilities" and was terminated from his position as a letter carrier for the United States Postal Service ("USPS") "without due consideration for those same disabilities." *Id.,* ¶ 79.

In lieu of an answer, on October 15, 2009, defendant filed a motion to dismiss and for summary judgment (Item 9). He argued that the complaint should be dismissed for lack of jurisdiction and for failure to state a claim. Specifically, defendant argued that the federal government is not a covered employer under the ADA and that the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.,* provides plaintiff's only remedy. Further, defendant argued that, even if the court were to construe plaintiff's claim as being brought under the Rehabilitation Act, plaintiff did not contact an EEO counselor within 45 days of the alleged discriminatory event and there is no basis for an equitable tolling of this requirement. Alternatively, defendant argued that summary judgment should be granted dismissing the complaint as plaintiff failed to allege that his termination occurred under circumstances giving rise to an inference of discrimination.

Plaintiff's response to the motion was due on July 1, 2010. On August 9, 2010, after he successfully obtained an extension of time in which to respond, plaintiff filed a motion

to compel defendant's participation in a conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1 (Item 18) and a motion for a continuance pursuant to Fed. R. Civ. P. 56(f) to allow discovery (Item 19). On August 16, 2010, defendant filed a memorandum in opposition to the motions (Item 22), and plaintiff filed a reply on September 17 and 20, 2010 (Items 26, 27, 30). Oral argument was heard on October 12, 2010. On November 1, 2010, plaintiff requested and was given permission to file a supplemental reply brief (Item 35). For the reasons set forth below, I respectfully recommend that defendant's motion be granted. Additionally, should the District Court adopt this Report and Recommendation, plaintiff's motions are denied as moot.

## FACTS

In his complaint, plaintiff alleged that he began his employment as a letter carrier with the USPS in May 1995 and worked from the Northside Station on Hertel Avenue in Buffalo, New York (Item 1, ¶¶ 7, 12). He alleges that he is disabled by depression, anxiety disorder, and alcoholism. *Id.,* ¶¶ 10, 11. On September 5, 2007, plaintiff was placed in an off-duty, non-pay status. Surveillance of plaintiff indicated that he did not adhere to his delivery schedule, but instead worked through his breaks and lunch times. *Id.,* ¶¶ 20, 21. He was issued a Notice of Removal on October 10, 2007. *Id.,* ¶ 26.

The Notice of Removal, appended to defendant's motion to dismiss, provides that plaintiff was charged with "Unacceptable Conduct: Expansion of Street Time/ Falsification of MSP (Managed Service Point) Scans" (Item 11, Exh. 1). Specifically, plaintiff was accused, on five separate occasions, of scanning a photocopy of the bar code affixed to

his last delivery address which falsely reflected the time of his actual delivery to the address. He then was observed at Wegman's grocery store while on the clock and, on some occasions, receiving overtime pay. Plaintiff did not deny the allegations, but stated that his route was in a bad neighborhood and that he worked through his breaks and lunch hour so as to complete his deliveries as soon as possible. When asked why he did not return to the station upon completion of the route, plaintiff stated that he did not wish to be assigned more work. *Id.* Plaintiff was advised that he had the right to file a grievance within 14 days. *Id.*

Plaintiff then contacted his union, which filed a grievance on his behalf on November 17, 2007. An arbitration hearing was held on May 7, 2008, and an award upholding plaintiff's discharge for just cause was issued on July 14, 2008 (Item 1, ¶¶ 27, 28). The arbitrator found that plaintiff admittedly misused the Managed Service Point ("MSP") delivery system, enabling him to avoid further assignment and to receive undeserved overtime pay (Item 11, Exh 2). The arbitrator further found that plaintiff's discharge was justified given the severity of his actions. *Id.*

Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") on September 30, 2008 (Item 11, Exh. 3). For apparently the first time, plaintiff alleged that he was discharged from his employment based on his disabilities. Plaintiff stated that he had consulted with a therapist through the USPS Employee Assistance Program ("EAP") and advised the therapist that "the strict supervision and rigidity of his employment environment was causing him great stress which exacerbated his depression and his drinking problem." *Id.* He further alleged that he compressed his delivery schedule to reduce stress and that no one from the EAP or the USPS ever advised

4

him "to seek to modify or improve his working conditions . . . [or] that any modification of his working conditions to accommodate his disabilities was possible." *Id.* Plaintiff's NYSDHR complaint was dismissed as the NYSDHR has no jurisdiction over a federal employer. *Id.*

Plaintiff then filed an appeal of the arbitration award with the United States Merit Systems Protection Board ("MSPB") on September 26, 2007. The Administrative Judge found that plaintiff was a "craft employee who lacks preference eligibility" and thus he did not meet the statutory definition of an "employee" who is entitled to appeal an adverse action to the MSPB (Item 11, Exh. 5). Accordingly, the MSPB dismissed the appeal, stating that it lacked jurisdiction to review its merits. *Id.*

On December 1, 2008, plaintiff received a letter from the National EEO Investigative Services Office of the USPS in which he was advised that his appeal to the MSPB, which it termed a "mixed case appeal," was dismissed on jurisdictional grounds and that the decision became final on November 28, 2008 (Item 1, Exh. 4). Plaintiff was further advised that he had the right to seek EEO counseling within 45 days of the correspondence and had the right to file an EEO complaint subject to EEOC regulations. *Id.* The December 1, 2008 letter provides:

> Be advised that Equal Opportunity Commission (EEOC) Regulation 29 C.F.R. 1614.302(a) states, in pertinent part, "If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO Counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to 1614.207." Further, "The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor." Accordingly, please consider this mailing your notification that you have the right to seek EEO counseling within 45 days of your receipt of this correspondence.

(Item 1, Exh. 4).

On December 5, 2008, plaintiff contacted the USPS to request EEO pre-complaint counseling. In a letter dated February 12, 2009, plaintiff was advised that EEO regulations require a complainant to contact the EEO office within 45 days of the discriminatory action or effective date of a discriminatory personnel action. Plaintiff was advised that he could file a formal complaint, but that it would be subject to dismissal (Item 1, Exh. 3).

On March 3, 2009 plaintiff filed a formal complaint of discrimination with the USPS (Item 1, Exh. 1). He alleged that he was removed from his position as a letter carrier without regard to his disabilities and without any reasonable accommodations. Plaintiff sought reinstatement and back pay. *Id.* In a decision dated March 20, 2009, plaintiff's complaint was dismissed as untimely in that he failed to contact an EEO counselor within 45 days of the effective date of his removal in accordance with EEOC regulations, 29 C.F.R. § 1614.107(a)(2). *Id.,* Exh. 2.

As part of the EEO investigation, Kristine Sedey, Customer Service Manager at the USPS Northside Station, stated that EEO poster #72 has been posted in the Northside Station from at least June 2007 when she began her employment. The poster explains the EEO process and specifically advises employees that they must request EEO counseling within 45 days of the date of the alleged discriminatory act or, in the case of a personnel action, within 45 days of the effective date of the personnel action (Item 11, Exh. 4).

In response to the defendant's motion to dismiss and/or for summary judgment and as a reply to his motions for a conference and for a continuance to conduct discovery, plaintiff submitted an affidavit in which he summarized his medical history, the circumstances leading to his discharge, and his efforts to raise an EEO claim regarding his removal. Plaintiff stated that "[s]tarting in the 1980s to around 1990, Plaintiff was

6

diagnosed with and received medical, pharmaceutical, and psychological treatment for chronic depression, generalized anxiety disorder, social anxiety disorder/social phobia and alcoholism." (Item 26, Att. 7, "Plaintiff's Affidavit", ¶ 2). In mid-2000, plaintiff again sought medical/psychiatric treatment and was treated until June 2001. *Id.,* ¶7. During 2001, plaintiff requested and obtained a leave under the Family and Medical Leave Act ("FMLA"). By virtue of the medical documentation required for his FMLA leave, plaintiff states that his supervisor "was aware of the medical reasons for which FMLA was sought." *Id.,* ¶ 8.

Plaintiff also sought and received counseling through the EAP of the USPS. Plaintiff's Affidavit, ¶ 9. He advised his therapist that "the strict supervision and rigidity of his employment environment was causing great stress which exacerbated his depression and his drinking problem." *Id.,* ¶ 11. Plaintiff stated that his supervisor was aware that he was receiving counseling through the EAP, and he advised the USPS that he had been charged with driving while intoxicated in an off-duty incident. *Id.,* ¶¶ 14, 15. Plaintiff stated that none of his EAP counselors, supervisors, or other USPS management personnel ever informed him of the Rehabilitation Act and its applicability to the USPS, the availability of reasonable accommodations for USPS employees with disabilities, or that reasonable accommodations could include modified work schedules or break times. *Id.,* ¶¶ 16, 17.

Plaintiff stated that he was the subject of an investigation by the USPS Office of Investigator General that purportedly indicated that he did not strictly adhere to his delivery schedule. Plaintiff stated that "[a]t no point in any of the Defendant's reports or during any of the Defendant's actions against Plaintiff - including the OIG investigation, the grievance review and associated proceedings, the arbitration and dismissal of the Plaintiff - was Plaintiff's use of alcohol, either on or off the job, ever mentioned." Plaintiff's Affidavit, ¶ 2.

He stated that he "routinely compressed his delivery schedule and worked through his breaks and lunch periods in order to reduce his work stress and anxiety." *Id.,* ¶ 24. He always delivered the mail to his customers' satisfaction. *Id.*

Plaintiff stated that his union representatives failed to inform him of any time limitations within which to request EEO counseling. Plaintiff's Affidavit, ¶ 37. He also stated that, as a result of his disabling conditions, he was "mentally and physically incapable of evaluating or asserting rights during this time." *Id.,* ¶ 40.

Plaintiff stated that his removal was upheld after arbitration, effective July 14, 2008. Plaintiff's Affidavit, ¶ 41. He filed a discrimination complaint with the NYSDHR through his attorneys which was dismissed for lack of jurisdiction. *Id.,* ¶ 42. He then submitted an appeal to the MSPB which was dismissed for lack of jurisdiction on October 28, 2008. *Id.,* ¶ 43. In a letter dated December 1, 2008, plaintiff was advised that his MSPB appeal had been dismissed and that he had the right to seek EEO counseling within 45 days of receipt of the correspondence. *Id.,* ¶ 44. He stated that, as a result of the December 1, 2008 letter, he believed he had 45 days to request EEO counseling and that the effective date of his removal was July 14, 2008. *Id.,* ¶ 47. Plaintiff requested counseling on December 5, 2008, he filed a formal complaint on March 3, 2009, and the complaint was dismissed on March 20, 2009 due to his failure to contact EEO in a timely fashion. *Id.,* ¶¶ 45, 48.

## DISCUSSION

### 1. Defendant's Motion to Dismiss

Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can

be granted. In assessing a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the complaint," *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

Defendant has correctly asserted that section 501 of the Rehabilitation Act provides the exclusive remedy for federal employees alleging discrimination on the basis of disability. *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1988); *see* 42 U.S.C. § 12111(5)(B) (the term employer for purposes of the ADA does not include the United States). Furthermore, any state law claims for similar relief are barred, *see, e.g., Garvin v. Potter,* 367 F.Supp.2d 548, 560 (S.D.N.Y. 2005) (NYSHRL claim barred as Rehabilitation Act is exclusive remedy for federal employee alleging disability discrimination), as are claims pursuant to civil rights statutes such as 42 U.S.C. §§ 1981 and 1983 which require action taken under color of state law. *See Nghiem v. U.S. Dept. of Veterans Affairs,* 451 F.Supp.2d 599, 603-604 (S.D.N.Y. 2006), *aff'd,* 323 Fed. Appx. 16 (2d Cir. 2009), *cert. denied,* 130 S.Ct. 1121 (2010) (claims under sections 1981 and 1983 are barred as statutes apply only to state actors, not federal officials); *Hughes v. United States Postal Serv.*, 700 F.Supp. 779, 783 (S.D.N.Y. 1988) (dismissing § 1981 claim because "Title VII and Rehabilitation Act provide the sole remedies for federal employees' allegations of employment discrimination"). Accordingly, the court has no

subject matter jurisdiction over plaintiff's claims as pled, and the Rule 12(b)(1) motion to dismiss should be GRANTED.

If the court were to construe plaintiff's claim as being brought under the Rehabilitation Act, or alternatively to allow an amendment to replead the claim under the Act, such an amendment would be futile because plaintiff failed properly to exhaust his administrative remedies.

A motion under Rule 12(b)(6) "tests the legal sufficiency of plaintiff's claim for relief." *Krasner v. HSH Nordbank AG*, 680 F.Supp.2d 502, 511 (S.D.N.Y. 2010). All well-pleaded facts must be construed in plaintiff's favor. *Id.* Such a "presumption of truth, however, does not extend to legal conclusions." *Id.* at 511-12. According to the standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), plaintiff is required to plead facts sufficient "to state a claim to relief that is plausible on its face," enough to nudge the "claims across the line from conceivable to plausible." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, ---U.S.----, 129 S.Ct. 1937, 1949 (2009) (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader. *See City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). For

purposes of a motion to dismiss, the complaint includes:

> any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.

*Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006) (quotations and citations omitted). On a motion to dismiss, a court may consider "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor,* 220 F.3d 81, 88-89 (2d Cir. 2000) (citing *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991)). The court also may consider "matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir. 1999) (citing *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991)). In order to avoid dismissal, a plaintiff must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000) (quoting 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[a] [b] (3d ed.1997)).

In this case, the court has considered the complaint, the exhibits appended to it, including plaintiff's EEO complaint, the dismissal of the complaint, and the December 1, 2008 letter from the USPS National EEO Investigative Services Office (Item 1, Exhs. 1-4). The court has also considered other documents that reflect the administration of plaintiff's claim through the arbitration process, the NYSDHR, and the MSPB (Item 11, Exhs. 1-5). In cases where exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of records and reports of the relevant administrative bodies, as well as the facts set forth therein. *See Smart v. Goord,* 441 F.Supp.2d 631, 637-38

(S.D.N.Y. 2006); *Dutton v. Swissport USA, Inc.*, 2005 WL 1593969, *1 n. 1 (E.D.N.Y. July 1, 2005). Because exhaustion of administrative remedies is a prerequisite to bringing suit under the Rehabilitation Act, plaintiff necessarily refers to and relies on documents exhibiting proof of exhaustion. *See Smart v. Goord, supra,* 441 F.Supp.2d at 637-38 (noting that where exhaustion of administrative remedies is a prerequisite to suit, exhaustion is integral to plaintiff's claims).

EEOC regulations require an employee suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a suit in the district court. *See* 29 C.F.R. §§ 1614.105(a)(1), 1614.407. Thus, an aggrieved agency employee must first seek EEO counseling within 45 days of the allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). A federal employee must comply with applicable EEOC procedures to satisfy exhaustion requirements. *Avillan v. Potter*, 2002 WL 252479, *2 (S.D.N.Y. February 21, 2002). Failure to exhaust in a timely manner results in a claim being time-barred, subject to certain equitable tolls. *See Marinelli v. Chao*, 222 F.Supp.2d 402, 415-16 (S.D.N.Y. 2002) (explaining that "exhaustion of administrative remedies is a precondition to civil suit under both the Rehabilitation Act and the ADEA") (citations omitted); *accord Padilla v. Potter*, 2004 WL 3090591 at *2 (E.D.N.Y. July 22, 2004); *Fridia v. Henderson*, 2000 WL 1772779 at *9 (S.D.N.Y. November 30, 2000); *Dillard v. Runyon*, 928 F.Supp. 1316, 1322-23 (S.D.N.Y.1996), *aff'd,* 108 F.3d 1369 (2d Cir. 1997).

In response to the motion to dismiss, plaintiff relies on the letter of December 1, 2008 from the USPS National EEO Investigative Office. In that letter, he was advised that the effective date of the adverse personnel action was July 14, 2008, the date that his removal was upheld by the arbitrator. Additionally, plaintiff was advised that he had 45

days from the date of the letter in which to contact an EEO counselor. He argues that his contact was timely as he contacted EEO on December 5, 2008.

Plaintiff has misinterpreted the import of this letter in light of EEOC regulations. Specifically, the letter cites 29 C.F.R. § 1614.302(b), which states in pertinent part:

> If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to § 1614.107. **The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor.**

29 C.F.R. § 1614.302(b) (emphasis added).

By way of background, the court notes that the Civil Service Reform Act ("CSRA") provides two paths toward redress for postal service employees who allege that an adverse employment action was wholly or partly based on prohibited discrimination. The CSRA provides that aggrieved employees may either bring a "mixed complaint" before the postal service's EEO, or a "mixed appeal" before the MSPB. *See* 5 U.S.C. § 7702(a)(1) & (2); 29 C.F.R. § 1614.302(a)(1) (defining mixed case complaint); 29 C.F.R. § 1614.302(a)(2) (defining mixed appeal). An appeal is "mixed" if the aggrieved postal worker alleges that an action by an employer was effected, wholly or in part, because of employment discrimination based on race, color, religion, sex, national origin, age, or handicap. *See* 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a)(2). Thus, an aggrieved employee may bring a "mixed appeal" before the MSPB either as a direct appeal of an adverse employment action, or as an appeal of an EEO determination of a mixed complaint. 5 U.S.C. § 7702(a)(3); 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.151.

Here, plaintiff filed a "mixed appeal" with the MSPB which was dismissed for jurisdictional reasons. He was then advised that he had 45 days in which to contact an EEO counselor if he wished to shift to the EEO "path" to redress. However, plaintiff was advised that his claim was subject to dismissal for timeliness and that the date of filing of his appeal would be deemed to be the date of initial contact with EEO. See 29 C.F.R. §§1614.302(b), 1614.107(a)(2).

It is undisputed that plaintiff failed to request EEO counseling within 45 days of the effective date of his removal. Giving plaintiff the benefit of every favorable inference, the court concludes that plaintiff's removal was effective on the date that the arbitration award was issued upholding his removal for just cause, July 14, 2008. Thus, plaintiff had 45 days from July 14, 2008, or August 28, 2008, to request EEO counseling. According to the EEOC regulations, the date of filing of his MSPB appeal is deemed to be the date of the initial contact with an EEO counselor. The appeal was filed September 26, 2008, well after the 45 days had elapsed.

However, failure to exhaust is not jurisdictional. See *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir. 2000) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.) (quotations and citations omitted); *see also Zipes v. Trans World Airways*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Thus, the court must consider whether there are any grounds for equitable tolling. Inasmuch as the defendant raised the issue of equitable tolling, it was appropriate for it to

move in the alternative for summary judgment in light of the fact that any claim by plaintiff to equitable tolling would require plaintiff to submit materials outside the pleadings. *See Webster v. Potter*, ___F.Supp.2d ___, 2010 WL 4244133, *2 (S.D.N.Y. October 27, 2010) (citing *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff.")). Despite filing a motion for a continuance pursuant to Rule 56(f), plaintiff in fact submitted an affidavit in opposition to defendant's motion to dismiss in which he addressed the issues of jurisdiction and equitable tolling (Items 26, Att. 7; Item 30, Att. 7).

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing there is a genuine issue for trial,' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (additional citation omitted), and "'may not rely on conclusory allegations or unsubstantiated

speculation.'" *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir.), *cert denied*, 534 U.S. 891 (2001)). In sum, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor...." *Anderson*, 477 U.S. at 256.

The doctrine of equitable tolling may apply if a plaintiff has actively pursued his judicial remedies, but filed a defective pleading within the statutory period. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). It may also apply where the plaintiff has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 49-50 (2d Cir.1985) ("Unlike equitable tolling, which is invoked in cases where the plaintiff is ignorant of his cause of action because of the defendant's fraudulent concealment, equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit.") (citations omitted); *Padilla v. Potter, supra,* 2004 WL 3090591 at *3. Courts in this circuit have also applied equitable tolling when a court has led the plaintiff to believe that she has done all that is required, and where the plaintiff has received inadequate notice. *Briones v. Runyon*, 101 F.3d 287, 290 n. 2 (2d Cir. 1996) (citing *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir.1994)).

When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period he seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. "

*Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d at 12 (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff." *Boos v. Runyon*, 201 F.3d at 184-85; *see also Smith v. Chase Manhattan Bank,* 1998 WL 642930, at *3 (S.D.N.Y. September 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

In his complaint, plaintiff cites EEOC regulation § 1614.105(a)(2) and asserts that the agency should have extended the time limit within which he was required to contact an EEO counselor because (1) he was not notified of the time limit and was not otherwise aware of it, (2) despite due diligence, he was prevented by circumstances beyond his control from contacting a counselor within 45 days, and (3) because the EEOC constructively extended the 45 day time limit by virtue of the December 1, 2008 letter. Plaintiff is held to be constructively aware of the regulations regarding contact with an EEO counselor. It is undisputed that EEO Poster #72 was hung in the plaintiff's place of employment which explained the EEO process and instructed any aggrieved employee to contact an EEO counselor within 45 days of the alleged discriminatory act or 45 days of the effective date of the personnel action. Plaintiff is thus charged with constructive notice of the 45 day time limit and his assertion that he was unaware of this requirement is unavailing. *See Rosario v. Potter,* 2009 WL 3049585, *7 (S.D.N.Y. September 23, 2009);

17

*Williams v. Potter,* 2007 WL 2375818, *6 (S.D.N.Y. August 14, 2007); *Marinelli v. Chao,* 222 F.Supp.2d 402, 411-12 (S.D.N.Y. 2002).

Additionally, plaintiff asserts that his mental disabilities, including depression, anxiety disorder, and alcoholism prevented him from effectively evaluating and asserting his rights. Whether a mental disorder may be the basis for tolling in a civil rights action is decided upon principles of equity and is limited to exceptional circumstances. *See Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1268 (10th Cir.1996). Furthermore, a court may look to the relevant state law for guidance. *See Hedgepeth v. Runyon,* 1997 WL 759438, *4 (S.D.N.Y. December 10, 1997) (citing *Speiser v. U.S. Dep't of Health and Human Servs.,* 670 F.Supp. 380, 384 (D.D.C. 1986), *aff'd,* 818 F.2d 95 (D.C.Cir. 1987)). "In New York, the toll for insanity is narrowly interpreted and extends only to those individuals who are unable to protect their legal rights because of an overall inability to function in society. The disability must be of such a nature that plaintiff is unable to manage his business affairs and is incapable of comprehending and protecting his legal rights and liabilities." *Hedgepeth,* 1997 WL 759438 at *4 (internal quotations and citations deleted) (citing *Decrosta v. Runyon,* 1993 WL 117583, *3 (N.D.N.Y. April 14, 1993)).

Plaintiff has submitted medical records which indicate that he received mental health treatment in 2000, 2001, and 2002, and again from February to April 2007, but there is no indication that plaintiff was unable to comprehend and assert his rights. In fact, plaintiff alleges that he was able to perform his duties and always delivered the mail to his customers to their satisfaction. Plaintiff further stated that throughout the proceedings surrounding his removal, no mention was ever made of his abuse of alcohol. Plaintiff

appeared to comprehend his rights and contacted his union representative following his discharge. The union filed a grievance on his behalf and he participated in the arbitration. After his removal was upheld on arbitration, plaintiff contacted an attorney who filed the NYSDHR complaint, MSPB appeal, and EEO complaint. Quite simply, the record reflects that plaintiff never alleged that his removal was based on a disability until September 2008, nor did he ever request any accommodations from the USPS based on an alleged disability. Plaintiff's conclusory and vague claim, that his disabilities prevented him from comprehending and asserting his rights, is insufficient to raise a genuine issue of material fact regarding equitable tolling. See Boos v. Runyon, 201 F.3d at 185 (plaintiff's "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.").

Finally, plaintiff argues that the agency extended the 45 day time period in the December 1, 2008 letter. As discussed above, the applicable regulation gave the plaintiff 45 days to contact an EEO counselor following the jurisdictional dismissal of his MSPB complaint. However, if the plaintiff wished to file an EEO complaint, the regulation also provides that he would be held to the applicable time periods and "[t]he date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor." 29 C.F.R. § 1614.302(b). Thus, if plaintiff chose to pursue an EEO complaint following the dismissal of the MSPB appeal, he had 45 days to contact EEO and the date of the MSPB appeal, which is of necessity before the written notice and the lapse of 45 days, is deemed the date of initial contact. In this case, the date of the initial contact is deemed to be September 28, 2008. Giving plaintiff the benefit of the latest possible date

19

that his removal could be effective, July 14, 2008, his initial contact with an EEO counselor is untimely. Accordingly, while EEOC regulations are subject to equitable tolling, plaintiff has provided the court with no reason to grant him an exception to EEOC timeliness requirements. Defendant's motion to dismiss and/or for summary judgment (Item 9) should be GRANTED and the complaint should be dismissed.

## 2. Plaintiff's Motion to Compel and for a Continuance

As I have concluded that the defendant's motion should be granted and the complaint dismissed, it is unnecessary to address plaintiff's motions to compel a conference and for a continuance to conduct discovery pursuant to Rule 56(f). None of the discovery plaintiff seeks is relevant to the issues of jurisdiction and equitable tolling. The issues are purely legal and can be determined from the complaint and the appended exhibits, other relevant administrative documents, and plaintiff's affidavit. Accordingly, the plaintiff's motions (Items 18, 19) are denied as moot.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that defendant's motion to dismiss and/or for summary judgment be GRANTED. The plaintiff's motions to compel and for a continuance pursuant to Fed. R. Civ. P. 56(f) are DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with

the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

      **SO ORDERED.**

DATED:     **Buffalo, New York**
              **December 7, 2010**

                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**